In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00309-CV

_____

IN THE INTEREST OF K.M.B. AND A.M.B.

On Appeal from the 88th District Court
Hardin County, Texas
Trial Cause No. 49251

## MEMORANDUM OPINION

On September 21, 2023, the trial court denied a petition to modify the parent-child relationship. R.B. filed a notice of appeal but did not pay the filing fee for the appeal.[1] On November 14, 2023, we notified the parties that the appellant had not remitted the filing fee, and we warned the appellant that the appeal would be dismissed without further notice unless the filing fee was paid by November 29, 2023.

---

[1]We refer to the appellant by his initials. *See* Tex. Fam. Code Ann. § 109.002(d).

1

On November 17, 2023, the District Clerk notified the Court that the appellant had failed to pay or to make the arrangements necessary for the District Clerk to prepare the clerk's record. Consequently, we notified the parties that the appellant had not established indigent status, that the clerk's record had not been filed due to the appellant's failure to pay or to arrange to pay the fee required to prepare the clerk's record. We also warned the appellant that the appeal would be dismissed for want of prosecution unless the appellant established that he had made the arrangements required to pay the fee or that he needed more time to do so. *See* Tex. R. App. P. 37.3(b). After the Clerk sent the parties a letter warning of the consequences of a failure to take the action necessary to file the clerk's record, the Court did not receive a response.

In the absence of a satisfactory explanation that justifies the appellant's failure to pay the filing fee for the appeal and his failure to pay or make the arrangements needed to pay for the clerk's record to support his appeal, we dismiss the appeal for want of prosecution. *See id*. 37.3(b), 42.3, 43.2(f).

APPEAL DISMISSED.

PER CURIAM

Submitted on January 10, 2024
Opinion Delivered January 11, 2024

Before Golemon, C.J., Horton and Johnson, JJ.

2